Filed 1/27/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> ROBERT WAYNE ROGERS, <br><br> Defendant and Respondent. | H051665 <br> (Santa Cruz County <br> Super. Ct. No. S7-09131) |

In this appeal, the People challenge a trial court's authority at a resentencing proceeding under Penal Code[1] section 1172.75 to exercise its discretion pursuant to section 1385, subdivision (a) (section 1385(a)) and *Romero*[2] to strike prior convictions that qualify as strikes under the Three Strikes law.  We decide a trial court has the authority to strike prior strikes under section 1385(a) and *Romero* at a section 1172.75 resentencing.  Nevertheless, we reverse the trial court's sentencing order here and remand for resentencing because the trial court erred in failing to state its reasons.

---

[1] All further unspecified statutory references are to the Penal Code.
[2] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).

# I. FACTS AND PROCEDURAL BACKGROUND

A. *Factual Background*[3]

On May 9, 1997, defendant Robert Wayne Rogers entered a sandwich shop with a shirt wrapped around his hand.  He went behind the register, pressed his hand into the manager's ribs, and told her to open the register.  After the manager complied, Rogers took the money from the register and fled.

On May 12, 1997, Rogers entered a bakery with a piece of clothing wrapped around his hand.  He told a bakery employee that he needed her to do him a favor, asked her if there was a safe, and ordered her to open it.  Once she opened the safe, Rogers took bags out of it and ordered her to open the register.  After she opened the register, Rogers took the money and ordered the employee to go into the back office.

On June 18, 1997, Rogers entered a pharmacy.  He approached the counter with something wrapped around his hand, told the two cashiers he had a gun inside the bag he was carrying, and demanded money.  A cashier began handing Rogers money from a register, but Rogers proceeded to reach over the counter and grab more money on his own.  Rogers exited the pharmacy and fled the scene in a vehicle.  One of the cashiers obtained the license plate number of Rogers's car.

The robbery victims identified Rogers as the perpetrator.

---

[3] The following facts of Rogers's underlying convictions are derived from the probation officer's report prepared for Rogers's original sentencing proceeding.  The district attorney and Rogers both rely on the probation report when stating the facts in their appellate briefing.  A recitation of the evidence presented at Rogers's trial is set forth in this court's opinion from Rogers's direct appeal.  (See *People v. Rogers* (Apr. 5, 2000, H018398) [nonpub. opn.] (*Rogers I*).)  We previously granted the district attorney's request for judicial notice of our records in *Rogers I* and a related subsequent appeal, *People v. Rogers* (Dec. 3, 2014, H041221) [nonpub. opn.] (*Rogers II*).

B. *Procedural Background*

    1.  Charges, Verdict, Original Sentence, and Appeal

In October 1997, the district attorney filed an information charging Rogers with four counts of robbery (§ 211; count 1 [May 12, 1997], count 3 [May 26, 1997], count 4 [June 18, 1997], & count 5 [May 9, 1997]) and false imprisonment (§ 236; count 2 [May 12, 1997]). The information alleged that Rogers used a firearm (§ 12022.5, subd. (a)(1)) during each of the charged offenses. The information further alleged that Rogers had previously been convicted of seven serious or violent felonies (§ 667, subd. (a)), which all qualified as strike priors under the Three Strikes law (§§ 667, subds. (b)–(i), 1170.12). The prior convictions included a 1985 robbery conviction, a 1989 first degree burglary conviction (§§ 459/460.1), four 1991 robbery convictions, and a 1991 attempted robbery conviction (§§ 664/211). In addition, the information alleged that Rogers had suffered three prison priors (§ 667.5, former subd. (b)) for a 1983 burglary conviction, a 1989 petty theft with a prior conviction (§ 666), and a 1991 robbery conviction.

On February 13, 1998, the jury convicted Rogers of three counts of robbery (counts 1, 4 & 5) and false imprisonment (count 2). The jury found Rogers not guilty of one count of robbery (count 3) and found not true the firearm use allegation attached to count 5. The jury was unable to reach a decision on the firearm use allegations attached to counts 1, 2, and 4. The trial court declared a mistrial on those allegations and subsequently struck them at sentencing.

On February 23, 1998, the trial court held a bench trial and found true each of the prior conviction and prison prior allegations stated in the information.

On March 30, 1998, the trial court heard argument on Rogers's *Romero* motion and denied it. The court sentenced Rogers to consecutive terms of 25 years to life for each of the three robbery counts and stayed a two-year prison term for the false imprisonment count (§ 654). The court also imposed a consecutive term of 17 years for the sentencing enhancements, comprising five-year terms for three of the prior serious

felony allegations (§ 667, subd. (a)) and one-year terms for two of the prison priors (§ 667.5, former subd. (b)). The court stayed the terms for the remaining sentencing enhancements.

Rogers appealed. He raised several claims of error, including that the trial court erred in denying his *Romero* motion. (*Rogers I*, *supra*, H018398, at pp. 23–28.) This court affirmed the judgment. (*Id.* at p. 31.)

### 2. Section 1170.126 Petition

In 2014, Rogers filed a petition to recall his sentence pursuant to the Three Strikes Reform Act of 2012 (Reform Act, Act, or Proposition 36) and section 1170.126.[4] (*Rogers II*, *supra*, H041221, at p. 1.) The trial court denied Rogers's petition, finding that Rogers was ineligible for relief because his current offenses included robbery. (*Ibid.*) Rogers appealed. This court appointed counsel to represent Rogers, and counsel filed an opening brief pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496 raising no issues. (*Rogers II*, at p. 2.) Rogers filed a supplemental brief on his own behalf. This court concluded that nothing in Rogers's supplemental brief raised an arguable issue and dismissed the appeal. (*Id.* at p. 3.)

---

[4] "Under the 'Three Strikes' law as originally enacted in 1994, an individual convicted of any felony offense following two prior convictions for serious or violent felonies was subject to an indeterminate term of life imprisonment with a minimum term of no less than 25 years. [Citations.] In 2012, the electorate passed the Three Strikes Reform Act of 2012 . . . (Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012)), which amended the law to reduce the punishment prescribed for certain third strike defendants. The electorate also authorized persons 'presently serving' an indeterminate term of life imprisonment imposed under the prior version of the law to seek resentencing under the amended penalty scheme by filing a petition for recall of sentence. (Pen. Code, § 1170.126, subd. (a).) Under the Act, a court must grant a recall petition unless it determines that resentencing the petitioner 'would pose an unreasonable risk of danger to public safety.' (§ 1170.126, subd. (f).)" (*People v. Conley* (2016) 63 Cal.4th 646, 651–652 (*Conley*); see also *id.* at p. 652 ["The Reform Act changed the sentence prescribed for a third strike defendant whose current offense is not a serious or violent felony."].)

4

### 3.  Section 1172.75 Recall and Resentencing Proceedings[5]

#### a.  Rogers's Motion

On June 29, 2023, Rogers, through counsel, filed a "resentencing motion pur[su]ant to Penal Code [section] 1172.75" (some capitalization omitted) (hereafter motion).[6]  Rogers asked the trial court to invalidate his legally invalid prison priors and conduct a full resentencing hearing.

Rogers asserted that after his sentence is recalled under section 1172.75, "the full resentencing rule will apply," "permit[ing] a court to revisit all prior sentencing decisions when it resentences a defendant."  Rogers further argued that "the full resentencing rule, paired with th[e] court's mandatory duty to apply 'any other changes in law that reduce sentences or provide for judicial discretion,' gives th[e] court the authority to strike and/or dismiss other enhancement(s) in addition to invalidating" his prison priors.

Rogers specifically asked the trial court to apply various "ameliorative laws" that had been enacted since his original sentencing, including:  (1) Senate Bill No. 81 (2021–2022 Reg. Sess.) (Senate Bill 81), which amended section 1385 by adding subdivision (c), governing the dismissal of certain enhancements in the interest of justice (Stats. 2021, ch. 721, § 1); (2) Assembly Bill No. 518 (2021–2022 Reg. Sess.), which amended section 654 to provide a court discretion to choose the principal offense for the purposes of

---

[5] Effective January 1, 2020, Senate Bill No. 136 (2019–2020 Reg. Sess.) amended section 667.5, subdivision (b) to eliminate prior prison term sentence enhancements for all crimes except certain sexually violent offenses.  (Stats. 2019, ch. 590, § 1.)  Senate Bill No. 483 (2021–2022 Reg. Sess.) (Senate Bill 483) subsequently added what was section 1171.1 to make this change retroactive.  (Stats. 2021, ch. 728, § 3 [eff. Jan. 1, 2022].)  Effective June 30, 2022, the Legislature amended section 1171.1 to renumber it as section 1172.75, with no change to the text of the statute.  (Stats. 2022, ch. 58, § 12.)  The Legislature recently amended section 1172.75, but that amendment is not relevant to the issue presented in this case.  (See Stats. 2024, ch. 979, § 2 [eff. Jan. 1, 2025; adding subd. (f)].)

[6] Rogers's motion noted that earlier, the Secretary of the California Department of Corrections and Rehabilitation (CDCR) had identified Rogers as a person in custody serving a sentence that included a presently invalid enhancement.

punishment (Stats. 2021, ch. 441, § 1); and (3) Senate Bill No. 1393 (2017–2018 Reg. Sess.), which amended sections 667 and 1385 to permit a court to strike a prior serious felony enhancement in furtherance of justice (Stats. 2018, ch. 1013, §§ 1, 2).

Regarding Senate Bill 81, Rogers asserted that that bill applied to his prior serious felony enhancements (§ 667, subd. (a)) as well as his strike priors. Noting the mitigating circumstances added to section 1385 by Senate Bill 81 that could justify dismissing or striking an enhancement, Rogers argued that the mitigating circumstances present in this case put him "outside the spirit of the Three Strikes law." Rogers "invit[ed] th[e] court to utilize its authority under [Senate Bill] 81 and *Romero* to strike and/or dismiss his strike priors alleged pursuant to Penal Code section 1385" (citing, inter alia, § 1385(a)). Rogers discussed relevant mitigating circumstances, including his prolonged substance use disorder/addiction and associated mental illness, as well as his history of childhood trauma and neglect. He acknowledged that his prison disciplinary violations did not "always match[] his rehabilitative goals" and described positive postconviction information and evidence of changed circumstances, including his efforts related to his faith, rehabilitation, sobriety, education, vocational training, and personal relationships. Additionally, Rogers discussed factors related to public safety.

In his motion, Rogers proposed five potential sentences for the trial court's consideration. Four of the proposals involved the imposition of a determinate sentence following the granting of Rogers's *Romero* request as to all but one of his strike priors.

b. District Attorney's Opposition

The district attorney opposed Rogers's motion, urging the trial court to reject Rogers's "attempts to bootstrap two Penal Code section 667.5, subdivision (b) enhancements (and a third stayed enhancement) into a full resentencing." The district attorney argued that Rogers's "lengthy criminal history, commitment offense, and poor conduct in custody mean that he is a threat to public safety and should not obtain the benefit of resentencing." Alternatively, the district attorney asserted that if the court were

to strike Rogers's prison priors, Rogers's sentence should not be reduced any further. The district attorney pointed to Rogers's lengthy criminal history and the facts of the instant offenses. The district attorney also noted that following a June 2020 parole suitability hearing, the parole board denied Rogers parole for a period of five years based on his recent custodial misbehavior and the unreasonable risk he posed to public safety. The district attorney maintained that Rogers continued to exhibit poor judgment and criminal thinking while in custody and claimed that such behavior in a controlled setting demonstrated Rogers would pose a serious risk to public safety if his sentence were reduced.

### c. Initial Hearing

On October 4, 2023, the trial court held a hearing on the matter. The prosecutor stated that the People were "absolutely fine with every prison prior enhancement, including the five-year enhancement being struck." However, the prosecutor requested "that there be no additional modification to [Rogers]'s sentence." The prosecutor argued that although the court "has the authority to modify all of the one-year and five-year priors," under "additional authority" (referring to a recent appellate court decision which the district attorney had not cited in his opposition), Senate Bill 483 could not be used to "modify a three-strikes sentence."

Rogers's defense counsel noted that a petition for review was pending on the recent decision and reiterated the defense position that the trial court "has the authority to do a full resentencing" of Rogers.

The trial court stated that it did not want to act beyond its authority and continued the matter to "see what happens with the petition [for] review."

### d. Supplemental Briefing

On October 13, 2023, Rogers's defense counsel filed a supplemental brief addressing the decision that the prosecutor had raised at the hearing, *People v. Kimble* (July 14, 2023, C097389) (*Kimble I*) [previously published at 93 Cal.App.5th 582].

Rogers contended that *Kimble I* did not apply to him. He explained that *Kimble I* "involved a defendant who wanted the court to essentially resentence under Prop[osition] 36 to a second-strike sentence, based on a claim that his current conviction was not for a serious or violent felony." Rogers argued that *Kimble I*'s rejection of the defendant's contention was limited to defendants who were eligible for relief under section 1170.126, which was not applicable to Rogers based on his current convictions. Rogers maintained that *Kimble I* did not prohibit the trial court from striking his strike priors as part of its full resentencing under Senate Bill 483.

In reply, the district attorney noted that *Kimble I* had been ordered depublished and the matter transferred to the Court of Appeal for reconsideration in light of the Attorney General's reversal of his previous position on the issue presented.[7] Nevertheless, the district attorney objected to any determinate sentence for Rogers and asserted that Senate Bill 483 and section 1172.75 did not apply to Rogers's Three Strikes sentence. The district attorney also reiterated that even if the trial court has the authority to reconsider Rogers's strike priors pursuant to his *Romero* motion, the court should deny Rogers's request because he is a career criminal who clearly falls within the Three Strikes scheme.

e. Further Hearing and Resentencing

On October 30, 2023, the trial court held a further hearing on the matter. At the hearing, Rogers's defense counsel reiterated the defense contentions regarding full resentencing, striking the strike priors under *Romero*, and the inapplicability of the conclusion stated in *Kimble I*. Counsel further noted that Rogers was currently in his early sixties and had had "some major surgeries." Counsel argued that Rogers was not a

---

[7] The California Supreme Court granted review in *Kimble I* on October 25, 2023 (S281526) and transferred the matter back to the Third District Court of Appeal with directions to vacate its decision and reconsider the cause. The Court of Appeal subsequently issued a new opinion, *People v. Kimble* (2024) 99 Cal.App.5th 746 (*Kimble II*), review granted April 24, 2024, S284259.

danger to public safety and the trial court had "a lot of options" for resentencing Rogers, including by imposing a 39-year determinate term (which included an upper term of five years for count 1, doubled).

In response, the prosecutor maintained that Rogers is a public safety risk and the trial court should "decline to exercise its discretion in striking any of the enhancements, other than the prison priors." The prosecutor argued further that the court did not have the authority to strike Rogers's strike priors as part of a Senate Bill 483 resentencing because the Legislature did not expressly provide for such discretion in the language of the statute, and section 1170.126 already existed as "a limited avenue for relief for people with strike offenses post conviction." Alternatively, the prosecutor noted Rogers's custodial misbehavior and unaddressed "criminal thinking," arguing that Rogers "is very much the same person that he was at that initial sentencing. And that he has health issues and is now old is not a proper reason to take him out of the three-strikes scheme."

The trial court decided that it had the discretion to strike Rogers's strike priors and resentence Rogers. When the prosecutor asked the court to provide "for the record" its "discretionary reasons for striking the strikes," the court responded, "Because of the changes in the three-strike law that I believe had this case come before this [c]ourt now [*sic*], I think that the [c]ourt would have had the discretion to get rid of the strikes, and probably would have, at least one or two of them -- at least one of them anyway." The prosecutor replied by noting that the original sentencing court had the discretion to strike Rogers's strike priors under *Romero* but declined to do so. The prosecutor inquired further about the precise change in the law that "has resulted in a reevaluation of the three strikes in this case." The court responded, "It's not so much a change in the law as a

9

resentencing, I believe is appropriate [*sic*]. I have the authority to do that. And I still have the discretion to eliminate the one strike."[8]

When pronouncing Rogers's sentence, the trial court stated that one strike prior "remains. I'm striking any other strike priors." The court also struck the legally invalid prison priors. The court resentenced Rogers to a total determinate term of 39 years, comprising 10 years (upper term, doubled because of the remaining strike prior[9]) on count 1 (robbery); two years (middle term) on count 2 (false imprisonment), stayed pursuant to section 654; two years each (one third the middle term, doubled because of the remaining strike) on counts 4 and 5 (robbery); and five years consecutive for each of five prior serious felony convictions (§ 667, subd. (a)), with the terms on the two remaining prior serious felony convictions stayed.

The district attorney appealed.

## II. DISCUSSION

In his opening brief, the district attorney raises two primary contentions. First, he contends the trial court erred in striking Rogers's strike priors because the plain language of Senate Bill 483 and section 1172.75 "does not give a superior court the discretion to strike a defendant's prior strike allegations, particularly for serious or violent felonies." Citing *People v. Guevara* (2023) 97 Cal.App.5th 978 (*Guevara*), review granted March 12, 2024, S283305 and *Kimble II*, the district attorney further asserts that Rogers—who is currently serving sentences for serious felonies and whose strikes are serious felonies—is "in a significantly worse position than the appellants in *Guevara* and *Kimble* [*II*]," and contrary to section 1172.75, the trial court "created a disparity [between sentences] by

---

[8] The clerk's minute order for the resentencing hearing states the following about the trial court's ruling: "The [c]ourt finds it has discretion to strike the strike priors due to changes under the [T]hree [S]trikes law and impose a determinate sentence."

[9] Neither party argues that the imposition of an upper term on count 1—in accordance with the proposal of Rogers's defense counsel—violated section 1172.75, subdivision (d)(4)'s restriction on the imposition of a sentence exceeding the middle term. (See *People v. Gonzalez* (2024) 107 Cal.App.5th 312, 331 (*Gonzalez*).)

removing [Rogers] from the Three Strikes sentencing scheme." The district attorney notes that neither Senate Bill 81 nor Assembly Bill No. 600 (2022–2023 Reg. Sess.) passed the Legislature with the two-thirds majority required to amend the Three Strikes law, so those laws do not amount to "change[s] in applicable sentencing laws that would permit reconsideration of strike allegations imposed."[10] Citing *In re Alberto* (2002) 102 Cal.App.4th 421 (*Alberto*), the district attorney contends that "permitting such reconsideration of a *Romero* motion risks putting one superior court judge in the position of overruling another superior court judge, which is not permitted."

Second, the district attorney alternatively contends that if section 1172.75 permits a trial court to dismiss or strike a strike prior, the trial court here abused its discretion in striking six of Rogers's seven strike priors. He asserts that "the court offered absolutely no reasons that would justify the extraordinary relief it bestowed," and "[i]n contrast, the People provided ample evidence that [Rogers] was a career criminal when sentenced and that his criminal thinking and conduct did not improve while in custody."

Rogers responds that the trial court is authorized to conduct a full resentencing hearing under section 1172.75 and to strike the prior strikes. He contends that "section 1172.75 in no way tramples over the Three Strikes." He notes that a trial court's discretion under *Romero* has existed for nearly 30 years and argues that "[s]ection 1172.75 does not vest the trial court with any additional powers that were unavailable to the trial court at the original sentencing hearing nor does it [in] any way undermine the Three Strikes law. Instead, it allows for a new sentencing hearing under the same rules that have always governed the Three Strikes law." Rogers further contends the trial court

---

[10] Assembly Bill No. 600 "amended section 1172.1 to allow a trial court, on its own motion, to recall a sentence and resentence a defendant when 'applicable sentencing laws at the time of the original sentencing are subsequently changed by new statutory authority or case law.' " (*People v. Dain* (2024) 99 Cal.App.5th 399, 412 (*Dain*), review granted May 29, 2024, S283924.)

did not abuse its discretion in granting him relief under *Romero* and resentencing him to a 39-year determinate term.

After completion of the appellate briefing, this court requested supplemental briefing from the parties regarding the impact of the decision of a different panel of this court in *People v. Superior Court* (*Williams*) (2024) 102 Cal.App.5th 1242 (*Williams*), review granted August 28, 2024, S286128.[11]

In his supplemental brief, the district attorney asserts that *Williams* supports the contentions he raised in his earlier briefing. By contrast, Rogers contends that *Williams* is inapposite because he "has never qualified for relief under section 1170.126 as the convictions that gave rise to his indeterminate term under the Three Strikes law took the form of serious and violent felonies." Alternatively, Rogers asserts that *Williams* was wrongly decided.

This court subsequently requested additional supplemental briefing on whether, under the circumstances of Rogers's section 1172.75 motion, the trial court could strike Rogers's strike priors pursuant to section 1385(a). Citing *People v. Monroe* (2022) 85 Cal.App.5th 393, 402 (*Monroe*), this court noted that "[s]ection 1172.75 contemplates that any person eligible for relief under that section is entitled to a 'full resentencing.' "

In his second supplemental brief, the district attorney asserts that *Monroe* "held that a full resentencing was required, but always under the terms of Penal Code section 1172.75. The terms of Penal Code section 1172.75 require a legal change. Penal Code

---

[11] In *Williams*, the majority concluded that when a defendant is being resentenced under section 1172.75 due to an invalid prison prior, a trial court cannot apply the revised penalty provisions of section 1170.126 to reduce the defendant's indeterminate life term to a determinate term, as this would unconstitutionally amend the resentencing procedure and requirements enacted by the electorate in section 1170.126. (*Williams*, *supra*, 102 Cal.App.5th at p. 1250, review granted; accord *People v. Santos* (2024) 100 Cal.App.5th 666, 675–677 (*Santos*), review granted May 29, 2024, S284341; *Kimble II*, *supra*, 99 Cal.App.5th at p. 756, review granted; *Guevara*, *supra*, 97 Cal.App.5th at pp. 986–987, review granted.)

section 1172.75 does not give a resentencing court carte blanche to overturn the sentencing court."

Rogers maintains that section 1385(a) "confers upon the trial court the authority to exercise its discretion to strike prior convictions in the interests of justice as part of a resentencing within the meaning of section 1172.75."

A. *Standard of Review*

The interpretation of a statute and the determination of the scope of a trial court's authority under relevant statutes are questions of law that we review de novo. (*People v. Jimenez* (2020) 9 Cal.5th 53, 61; see also *People v. Christianson* (2023) 97 Cal.App.5th 300, 308, review granted Feb. 21, 2024, S283189; *City of Desert Hot Springs v. Valenti* (2019) 43 Cal.App.5th 788, 793.)

In interpreting a statute, " ' " ' "our fundamental task [] is to determine the Legislature's intent so as to effectuate the law's purpose. [Citation.] We begin by examining the statute's words, giving them a plain and commonsense meaning." ' " ' [Citation.] ' "[W]e look to 'the entire substance of the statute . . . in order to determine the scope and purpose of the provision . . . . [Citation.]' [Citation.] That is, we construe the words in question ' "in context, keeping in mind the nature and obvious purpose of the statute . . . ." [Citation.]' [Citation.] We must harmonize 'the various parts of a statutory enactment . . . by considering the particular clause or section in the context of the statutory framework as a whole.' " ' " (*People v. Lewis* (2021) 11 Cal.5th 952, 961; see also *B.B. v. County of Los Angeles* (2020) 10 Cal.5th 1, 9 [same principles apply to interpretation of a statute enacted by voters].)

" ' "[W]e review the [trial court's] ruling, not the court's reasoning and, if the ruling was correct on any ground, we affirm." ' " (*People v. Brooks* (2017) 3 Cal.5th 1, 39.)

13

Regarding a trial court's decision to dismiss or strike a strike prior under section 1385(a) and *Romero*, that ruling is reviewable for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 373 (*Carmony*).)

### B. *Legal Principles*

#### 1. Section 1172.75

Section 1172.75, subdivision (a) provides that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid."

Once a trial court has received information from CDCR and determined that a defendant's current judgment includes a prior prison term enhancement that is now legally invalid, "the court *shall recall the sentence and resentence* the defendant." (§ 1172.75, subd. (c), italics added; see also *id*., subd. (b).)

Regarding resentencing, section 1172.75, subdivision (d) (section 1172.75(d)) provides in relevant part: "(1) Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed.

"(2) The court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing.

"(3) The court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that

14

circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice.

"(4) Unless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."

### 2. Three Strikes Law

"The Three Strikes law was '[e]nacted "to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious and/or violent felony offenses" [citation], [and] "consists of two, nearly identical statutory schemes." ' [Citation.] In March 1994, the Legislature codified its version of the Three Strikes law by adding subdivisions (b) through (i) to Penal Code section 667. A ballot initiative in November of the same year added a new provision, section 1170.12." (*People v. Henderson* (2022) 14 Cal.5th 34, 43, fn. omitted.)

"Under the [Three Strikes] law, defendants who commit a felony after two or more prior convictions for serious or violent felonies were sentenced to 'an indeterminate term of life imprisonment with a minimum term of' at least 25 years. [Citation.] In 2012, Proposition 36 narrowed the class of third-strike felonies for which an indeterminate sentence could be imposed. Now a defendant convicted of a felony outside of that class can receive at most a sentence enhancement of twice the term otherwise provided as punishment for that felony. [Citations.] But Proposition 36 makes a defendant ineligible for this limitation on third-strike sentencing if one of various grounds for ineligibility applies." (*People v. Perez* (2018) 4 Cal.5th 1055, 1061–1062.)

As mentioned *ante* (pt. I.B.2.), in Proposition 36 (the Reform Act), " 'the voters also established a procedure for "persons presently serving an indeterminate term of imprisonment" under the prior version of the Three Strikes law to seek resentencing

under the Reform Act's revised penalty structure.  [Citation.]  Under section 1170.126, "within two years after the effective date of the act . . . or at a later date upon a showing of good cause," such persons can file a petition for a recall of sentence before the trial court that entered the judgment of conviction.  [Citation.]  If the petitioner would have qualified for a shorter sentence under the Reform Act version of the law, taking into consideration the disqualifying factors [citation], section 1170.126 provides that he [or she] "shall be resentenced pursuant to [the Reform Act] unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety" [citation].  In exercising this discretion, the court may consider the defendant's criminal conviction history, the defendant's disciplinary record and record of rehabilitation while incarcerated, and "[a]ny other evidence the court . . . determines to be relevant." [Citation.]' [Citation.]  The Act, therefore, enacted two kinds of reforms: prospective, by exempting some newly-charged defendants from an indeterminate term, and retrospective, by permitting resentencing for some already convicted."  (*People v. Frierson* (2017) 4 Cal.5th 225, 231.)

### 3.  Section 1385(a) and *Romero*

The power of dismissal provided in section 1385(a) "has been 'recognized by statute since the first session of the Legislature in 1850.' " (*Wheeler v. Appellate Division of Superior Court* (2024) 15 Cal.5th 1193, 1204.)  Section 1385(a) currently provides:  "The judge or magistrate may, either on motion of the court or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed.  The reasons for the dismissal shall be stated orally on the record.  The court shall also set forth the reasons in an order entered upon the minutes if requested by either party or in any case in which the proceedings are not being recorded electronically or reported by a court reporter.  A dismissal shall not be made for any cause that would be ground of demurrer to the accusatory pleading."

In *Romero*, our Supreme Court concluded that section 1385(a) permits a court acting on its own motion to strike prior felony conviction allegations in cases brought under the Three Strikes law. (*Romero*, *supra*, 13 Cal.4th at pp. 529–530; see also *People v. Williams* (1998) 17 Cal.4th 148, 151 ["[T]he 'power to dismiss an action,' . . . pursuant to Penal Code section 1385(a), 'includes the lesser power to strike . . . allegations' or vacate findings 'relevant to sentencing, such as the allegation' or finding 'that a defendant has prior felony convictions.' "].)

The Three Strikes law "not only establishes a sentencing norm, it carefully circumscribes the trial court's power to depart from this norm and requires the court to explicitly justify its decision to do so." (*Carmony*, *supra*, 33 Cal.4th at p. 378.) "[W]hen facing a motion to dismiss a strike allegation, the trial court 'must consider whether, in light of the nature and circumstances of [the defendant's] present felonies and prior serious and/or violent felony convictions, and the particulars of [the defendant's] background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies.' " (*People v. Vargas* (2014) 59 Cal.4th 635, 641, italics omitted.)

### C. *Analysis*

#### 1. Trial Court Authority to Strike a Strike Prior Under Section 1385(a) and *Romero* When Resentencing Under Section 1172.75

There is no dispute that the trial court received information from CDCR about Rogers's prison priors (see § 1172.75, subd. (b)) and determined that Rogers's original judgment included a legally invalid prison prior. Thus, the trial court was required to "recall the sentence and resentence" Rogers. (§ 1172.75, subd. (c).)

The district attorney asserts that a defendant who qualifies for relief under section 1172.75 is entitled to a full resentencing only under circumstances set out in subdivision (d). Section 1172.75(d), according to the district attorney, requires the existence of a

17

"legal change" that would serve as a basis for a modification of the defendant's original sentence.

We are not persuaded. Section 1172.75, subdivision (c) requires a trial court to "recall" a defendant's sentence "[i]f the court determines that the current judgment includes" an invalid prison prior. Generally, "when a sentence is subject to recall, 'the resentencing court has jurisdiction to modify *every* aspect of the sentence, and not just the portion subjected to the recall.' " (*People v. Coddington* (2023) 96 Cal.App.5th 562, 568 (*Coddington*), quoting *People v. Buycks* (2018) 5 Cal.5th 857, 893 (*Buycks*) [concluding that the " 'full resentencing rule' " applies to defendants who qualify for resentencing under Prop. 47].) Relatedly, our Supreme Court has explained that "the full resentencing rule allows a court to revisit all prior sentencing decisions when resentencing a defendant." (*People v. Valenzuela* (2019) 7 Cal.5th 415, 424–425.)

In *Monroe*, the Court of Appeal addressed the following circumstance: "In 2020, [the defendant] filed a petition for relief under 2017 legislation granting the trial court discretion to strike the firearm enhancements [(Senate Bill No. 620 (2017–2018 Reg. Sess.))], and when in 2021 further legislation provided for resentencing to strike the one-year prior [prison] term enhancements [(Senate Bill 483)], [defendant] filed a second petition seeking relief under that statute as well. The trial court resentenced [defendant] and struck the three [one]-year enhancements, but concluded it was without jurisdiction to strike the firearm enhancements." (*Monroe, supra,* 85 Cal.App.5th at p. 395.) Defendant appealed. He argued that he was denied the effective assistance of counsel and was entitled to a remand for resentencing so that the trial court could consider whether to exercise its discretion under Senate Bill No. 620 to strike the firearm enhancements, as well as to consider whether to exercise its discretion to strike the five-year serious felony enhancement under Senate Bill No. 1393 (2017–2018 Reg. Sess.). (*Id*. at pp. 398–399.)

18

The *Monroe* court agreed with the defendant that he was entitled to have the trial court consider whether to exercise its discretion under the new laws as part of his resentencing pursuant to Senate Bill 483. (*Monroe*, *supra*, 85 Cal.App.5th at p. 399.) The court explained "there is no dispute that [defendant] was entitled to resentencing under section 1172.75, and the plain terms of subdivision (d)(2) required that at that resentencing, the trial court 'shall apply . . . any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing.' [Citation.] Senate Bills Nos. 620 and 1393 were such changes in the law, and the Attorney General does not contend otherwise." (*Id*. at pp. 399–400.) Further, the *Monroe* court rebuffed the Attorney General's contentions that the defendant was not eligible for relief under Senate Bill No. 1393. (*Id*. at pp. 400–401.)

Regarding the defendant's request for a remand for resentencing, the *Monroe* court rejected the Attorney General's argument that defendant was "not entitled to a full resentencing on remand because his judgment of conviction was final and the prior prison term enhancements have already been stricken, such that no enhancements are being stricken on [appellate] review." (*Monroe*, *supra*, 85 Cal.App.5th at pp. 401–402.) The court explained, "By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*Id*. at p. 402.) After providing "example[s]" of the directions regarding resentencing that appear in section 1172.75, subdivision (d)(1), (3), and (4), the court stated, "In short, [defendant] was entitled to, but did not receive, a full resentencing under the terms of section 1172.75, including the application of 'any other changes in law that reduce sentences or provide for judicial discretion,' in particular the changes made by Senate Bills Nos. 620 and 1393 (§ 1172.75, subd. (d)(2))." (*Monroe*, at p. 402.)

The *Monroe* court did not conclude that the requisite " ' "full resentencing" ' " under section 1172.75 limits a trial court's resentencing decisions to those related to legal

19

changes. (See *Monroe*, *supra*, 85 Cal.App.5th at p. 402.) In discussing the requirement of full resentencing, the *Monroe* court cited to *Buycks* for the proposition that " ' "resentencing as to all counts is appropriate" ' " (*ibid*.) and provided examples from section 1172.75(d)'s sentencing directives that do not involve a change in law after the defendant's original sentencing. (*Ibid*.)

The language of section 1172.75 itself does not suggest a legislative intent to restrict the trial court's authority on resentencing to changes based on a subsequent change in law. As noted *ante*, section 1172.75, subdivision (c) states that "the court shall recall" the defendant's sentence. A recall "effectively vacate[s] [the defendant]'s original sentence and commitment." (*People v. Arias* (2020) 52 Cal.App.5th 213, 219; see *Coddington*, *supra*, 96 Cal.App.5th at p. 568; see also *Severson & Werson, P.C. v. Sepehry-Fard* (2019) 37 Cal.App.5th 938, 946 [when the Legislature uses both the terms " ' "shall" ' " and " ' "may" ' " in the same statute, the word " ' "shall" ' " is construed as mandatory, not permissive]; Black's Law Dict. (11th ed. 2019) p. 1862, col. 1 ["vacate" means "nullify or cancel; make void; invalidate"].) Put differently, the Legislature, by mandating a recall of the defendant's sentence, directed the trial court to nullify the original sentence and impose a new sentence. "We presume the Legislature knew what it was saying [regarding the recall of a defendant's sentence] and meant what it said." (*Ramos v. Superior Court* (2007) 146 Cal.App.4th 719, 727.)

Additionally, section 1172.75(d) states mandatory and permissive directives that evince an intent to allow a complete resentencing by the trial court but with certain restrictions. For example, section 1172.75, subdivision (d)(1) creates a presumption that the resentencing "shall result in a lesser sentence than the one originally imposed" and precludes the court from imposing a "longer sentence than the one originally imposed." These directives suggest a total reprise of sentencing by the resentencing court with an express limitation to ensure that the defendant will not be subjected to additional

20

punishment simply because his or her original sentence included a presently invalid prison prior.

Similarly, the mandatory directive in section 1172.75, subdivision (d)(2) to "apply the sentencing rules of the Judicial Council" suggests the resentencing is to be performed under current rules. That section 1172.75, subdivision (d)(2) further directs the resentencing court to "apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing" does not, in context, demonstrate a legislative desire to preclude the application of other relevant laws that were in effect at the time of the original sentencing. Rather, this language appears to evince the Legislature's intent to clarify that certain new sentencing laws must be applied by the resentencing court.

Section 1172.75, subdivision (d)(3) provides that the resentencing court "may consider postconviction factors, including . . . evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." This directive promotes an examination of information and circumstances that did not exist at the time of the original sentencing which, in turn, evinces an intent that the resentencing court must sentence anew under present circumstances. Likewise, section 1172.75, subdivision (d)(4) "guides the trial court in selecting among the lower, middle, and upper term on each count." (*Monroe*, *supra*, 85 Cal.App.5th at p. 402; see also *Gonzalez*, *supra*, 107 Cal.App.5th at pp. 330–331.) This provision demonstrates a legislative intent that the resentencing court will make new sentencing decisions on each count of conviction under certain limitations.

We agree with the *Monroe* court that "section 1172.75 requires a full resentencing" (*Monroe*, *supra*, 85 Cal.App.5th at p. 402) for all defendants who qualify for a recall of their sentences under section 1172.75, subdivisions (a) and (c). We conclude there is no requirement in section 1172.75 that all resentencing decisions be

21

tethered to a post-original sentencing change in the law or changes specifically identified in section 1172.75.[12]

We turn to the district attorney's argument that, even if Rogers qualified for a full resentencing under section 1172.75, the trial court lacked the authority to dismiss Rogers's strike priors because of the operation of the Three Strikes law.

Although section 1172.75 sets out certain directives that guide the resentencing, nothing in section 1172.75 eliminates the trial court's power to exercise its discretion to dismiss or strike a strike prior under section 1385(a). Our Supreme Court has explained, we "will not interpret a statute as eliminating courts' power under section 1385 'absent a clear legislative direction to the contrary.' " (*Romero*, *supra*, 13 Cal.4th at p. 518.) A "legislative intent to divest a court of its section 1385 discretion [must] be abundantly clear" in the statutory language. (*People v. Fuentes* (2016) 1 Cal.5th 218, 230.) Given the well-established precedent governing a trial court's authority under section 1385, if the Legislature had intended to limit that power at a resentencing under section 1172.75, it would have said so clearly. (Cf. *Fuentes*, at p. 231.) We do not discern any clear legislative direction in the language of section 1172.75 to divest the trial court of its authority under section 1385(a) at resentencing.

We likewise are not persuaded that interpreting section 1172.75 to permit discretion to reduce an indeterminate Three Strikes sentence through the application of section 1385(a) and *Romero* results in an unconstitutional amendment of the Three Strikes law. The trial court's power to dismiss a strike prior derives from section

---

[12] After this case was submitted for decision, a new law that seemingly accords with our interpretation of section 1172.75 went into effect. New section 1171 states that in postconviction proceedings under section 1172.75 (among other "[a]meliorative statutes" (§ 1171, subds. (a)), "[t]he court shall consider any pertinent circumstances that have arisen since the prior sentence was imposed and *has jurisdiction to modify every aspect of the defendant's sentence*" (*id*., subd. (c)(2), italics added), so long as there is no more specific rule prohibiting the court from doing so. (*Id*., subd. (c); Stats. 2024, ch. 964, § 2 [eff. Jan. 1, 2025].)

1385(a), not the Three Strikes sentencing scheme. (See *Romero*, *supra*, 13 Cal.4th at p. 504 ["Although the Legislature may withdraw the statutory power to dismiss in furtherance of justice, we conclude it has not done so in the Three Strikes law."]; see also *People v. Hubbard* (2018) 27 Cal.App.5th 9, 11–13 [once a trial court recalls a defendant's sentence under the Reform Act, the trial court is entitled to consider the entire sentencing scheme, including the propriety of relief under section 1385 and a renewed *Romero* request].) Because a trial court's power under section 1385(a) to dismiss or strike a strike prior is independent of either the Three Strikes law or the subsequent Reform Act, any exercise of that power at a resentencing proceeding under section 1172.75 does not offend either.

As for the Reform Act's resentencing procedure (section 1170.126), the opinions cited by the district attorney that hold section 1172.75 constitutes an unconstitutional legislative amendment of section 1170.126 do not analyze section 1385(a). (See *Williams*, *supra*, 102 Cal.App.5th 1242, review granted; *Santos*, *supra*, 100 Cal.App.5th 666, review granted; *Kimble II*, *supra*, 99 Cal.App.5th 746, review granted; *Guevara*, *supra*, 97 Cal.App.5th 978, review granted.) It appears that those decisions rely instead on what they characterize as an unlawful conflict between sections 1172.75 and 1170.126 with respect to the eligibility and criteria for resentencing in the case of a defendant serving a sentence imposed under the Three Strikes law. (See, e.g., *Williams*, at p. 1261 ["We determine that section 1172.75, regarding resentencing for invalid prior prison term enhancements, is ' "a legislative act" ' that ' "change[s the Three Strikes Reform Act] by . . . taking from it" ' (1) the lower standard of proof required for a court to determine whether a defendant poses an unreasonable risk of danger to public safety, as well as the preexisting finding that the defendant poses an unreasonable risk of danger to public safety, and (2) the requirement that a petition for recall of sentence be filed by 2014, that is, within two years after the effective date of the Reform Act."]; *Santos*, at p. 676 ["We agree with *Guevara* . . . that the parties' interpretation of section 1172.75, subdivision (d)

23

would unconstitutionally amend the Reform Act by eliminating the public safety inquiry required to avoid imposing a mandated third strike sentence of 25 years to life on defendant."].)

It is true that, broadly speaking, some defendants serving a Three Strikes sentence might fall within the eligibility criteria for potential relief under both sections 1172.75 and 1170.126. That was the case, for example, for the defendants in *Williams*, *supra*, 102 Cal.App.5th at page 1270, review granted (conc. & dis. opn. of Greenwood, P. J.), *Kimble II*, *supra*, 99 Cal.App.5th at page 750, review granted, and *Guevara*, *supra*, 97 Cal.App.5th at page 982, review granted. (See also *Conley*, *supra*, 63 Cal.4th at p. 654.) However, that is not always the case, and it is not so here. Rogers has never been eligible for relief under section 1170.126 (see *Rogers II*, *supra*, H041221, at p. 1; see also § 1170.126, subd. (e)) and did not seek any application of the Reform Act's revised penalty provisions at his section 1172.75 resentencing. Instead, he requested that the trial court strike his strike priors pursuant to *Romero*.[13]

It is well established that, even where a statute addresses a similar area to a prior initiative, " ' "[t]he Legislature remains free to address a ' "related but distinct area" ' [citations] or a matter that an initiative measure 'does not specifically authorize or prohibit.' " ' " (*People v. Rojas* (2023) 15 Cal.5th 561, 568.) The application of section 1385(a) and *Romero* in the instant context does not implicate the same constitutionality

---

[13] We acknowledge that Rogers also asked the trial court to strike his strike priors pursuant to section 1385, subdivision (c), as added by Senate Bill 81. However, before Rogers's resentencing, the Third District Court of Appeal had held that "section 1385, subdivision (c)'s provisions regarding enhancements do not apply to the Three Strikes law." (*People v. Burke* (2023) 89 Cal.App.5th 237, 244; accord *People v. Tilley* (2023) 92 Cal.App.5th 772, 776, fn. 2; *People v. Olay* (2023) 98 Cal.App.5th 60, 67; *Dain*, *supra*, 99 Cal.App.5th. at p. 411, review granted.) The district attorney in fact cited *Burke* in his supplemental briefing to the trial court. We presume the trial court knew the law at the time of Rogers's resentencing and struck Rogers's strike priors pursuant to his request under section 1385(a) and *Romero*, not section 1385, subdivision (c).

concerns about improper legislative amendment of the voter approved Reform Act that underlie the decisions cited by the district attorney.

There is nothing in the Reform Act that specifically authorizes or prohibits a recall of Rogers's sentence and his resentencing. The voter information guide for the Reform Act explicitly acknowledges the limited applicability of the initiative. It states, "This measure reduces prison sentences served under the [T]hree [S]trikes law by certain third strikers whose current offenses are nonserious, non-violent felonies. The measure also allows resentencing of certain third strikers who are currently serving life sentences for specified nonserious, non-violent felonies." (Voter Information Guide, Gen. Elec. (Nov. 6, 2012) analysis of Prop. 36 by Legis. Analyst, p. 49.) Rogers is not one of the "certain third strikers" that falls within the parameters of the initiative. Because the Reform Act is silent on individuals in Rogers's situation, section 1172.75 cannot be an unconstitutional legislative amendment of section 1170.126 in this matter.[14]

We are similarly unpersuaded by the district attorney's argument that it would be improper to permit a resentencing court to consider a renewed *Romero* motion if such a motion were denied at the defendant's original sentencing. The Court of Appeal in *Alberto* stated the "general rule" that "the power of one judge to vacate an order made by another judge is limited." (*Alberto*, *supra*, 102 Cal.App.4th at p. 427.) The *Alberto* court explained the rationale for this rule as follows: "For one superior court judge, no matter how well intended, even if correct as a matter of law, to nullify a duly made, erroneous ruling of another superior court judge places the second judge in the role of a one-judge appellate court." (*Ibid*.)

---

[14] Given that Rogers is ineligible for relief under section 1170.126 and did not seek application of the Reform Act at his section 1172.75 resentencing, we do not express any opinion on a trial court's authority when resentencing a defendant who is serving a Three Strikes sentence that falls within the eligibility criteria for potential relief under both sections 1172.75 and 1170.126.

This general rule is inapposite here because the trial court properly recalled Rogers's original sentence, as required by section 1172.75, subdivision (c), and Rogers made a new *Romero* request for the court's consideration at his resentencing. Hence, when the trial court conducted Rogers's resentencing, it did not reconsider or vacate the original sentencing judge's order refusing to strike Rogers's strike priors under *Romero* and section 1385(a). Rather, that order had been nullified by the recall of Rogers's original sentence, and the resentencing court made a new *Romero* determination.

In sum, we conclude the trial court had the authority to exercise its discretion under section 1385(a) and *Romero* to strike any or all of Rogers's strike priors after recalling his sentence and for the purpose of resentencing him under section 1172.75.

> 2. Trial Court Erred by Failing to State Reasons for Striking the Strike Priors Under Section 1385(a) and *Romero*

Notwithstanding that the trial court had the authority to strike the strike priors at Rogers's section 1172.75 resentencing, we are persuaded the court abused its discretion in striking six of Rogers's seven strike priors.

A trial court "must explain its reasons for striking a prior." (*In re Large* (2007) 41 Cal.4th 538, 550; see also *People v. Williams* (2021) 65 Cal.App.5th 828, 835; § 1385(a).) "The purpose of the section 1385 statement requirement is (i) to promote judicial accountability to protect the public interest in not allowing improper or corrupt dismissals [citation] and (ii) to facilitate appellate review [citation]. Compliance with the requirement is mandatory, and an order made pursuant to section 1385 without a statement of reasons for exercise of the court's discretion is ineffective." (*Williams*, at p. 835.)

As detailed *ante* (pt. I.B.3.e.), when the prosecutor asked the trial court to provide its "discretionary reasons for striking the strikes," the trial court suggested its decision was motivated by "the changes in the three-strike law" and said it "probably would have" struck some of Rogers's strike priors had it conducted his original sentencing. Upon

26

further inquiry by the prosecutor about the precise change in the law that prompted the court's decision to strike the strikes, the court said, "It's not so much a change in the law as a resentencing, I believe is appropriate [*sic*]. I have the authority to do that. And I still have the discretion to eliminate the one strike."

We agree with the district attorney that the trial court offered "no reasons that would justify the extraordinary relief it bestowed by striking six of [Rogers]'s seven strike allegations." The "great power" to deviate from the Three Strikes law "should only be used in 'extraordinary' circumstances, when the ends of justice demand it. [Citations.] [¶] In determining whether such circumstances exist in a given case, the trial court must balance society's legitimate interest in imposing longer sentences for repeat offenders and the defendant's constitutional right against disproportionate punishment. [Citation.] It must also consider the nature of the defendant's present felonies and prior strike convictions, as well as his background, character and prospects. [Citation.] And, of course, the court must remember the Three Strikes law is not discretionary in nature. Rather, the law must be applied when the defendant has two or more prior strikes, unless the court concludes an exception to the law should be made because, *for articulable reasons that can withstand scrutiny for abuse*, the defendant lies outside the spirit of the law such that he should be treated as though he had not previously been convicted of one or more strikes." (*People v. Mayfield* (2020) 50 Cal.App.5th 1096, 1105.)

The trial court's articulated reasons for striking Rogers's strike priors amount to general statements affirming its authority for and the propriety of imposing a lesser sentence under section 1172.75, coupled with an otherwise unexplained intention to act under section 1385(a) and *Romero*. The court's statements do not reflect that it balanced the relevant interests and considered the nature of Rogers's offenses along with his background, character, and prospects to decide whether he "may be deemed outside the [Three Strikes] scheme's spirit." (*People v. Williams*, *supra*, 17 Cal.4th at p. 161.) Under these circumstances, we conclude the trial court abused its discretion by failing to

27

comply with the requirement that it provide reasons for exercising its discretion to strike all but one of Rogers's strike priors.

The trial court's error in failing to set forth its reasons for striking Rogers's strike priors requires a reversal of the trial court's resentencing order and a remand for a hearing at which the trial court must state its reasons in accordance with section 1385(a) and *Romero* for striking the strike priors and resentence Rogers accordingly. Alternatively, on remand the trial court may, but need not, revisit its earlier decision to strike Rogers's strike priors, as on reflection it might determine its reasoning was flawed or incomplete. (See *People v. Bonnetta* (2009) 46 Cal.4th 143, 153; see also *People v. Williams*, *supra*, 65 Cal.App.5th at pp. 835–836.) We express no opinion on how the trial court should exercise its discretion on remand.

## III. DISPOSITION

The trial court's resentencing order is reversed, and the matter is remanded for resentencing under Penal Code section 1172.75 consistent with this opinion.

28

_____
                  Danner, J.


WE CONCUR:




_____
Bamattre-Manoukian, Acting P. J.




_____
Wilson, J.




**H051665**
***People v. Rogers***

Trial Court:     County of Santa Cruz

Trial Judge:   Hon. Stephen Siegel

Jeffrey S. Rosell District Attorney, Tara L. George, Chief Deputy District Attorney, Lauren Apter Assistant District Attorney, for Plaintiff and Appellant.


Robert L.S. Angres, by appointment of the Court of Appeal under the Sixth District Appellate Program, for Defendant and Respondent.

**H051665**
*People v. Rogers*